UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MAX LANDERS,<br><br>    Plaintiff,<br><br>   v.<br><br>Deputy Sheriff R. ORTIZ Jr. and Sergeant MIRANDA,<br><br>    Defendants. | CASE NO. CV 24-1786 SVW (PVC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

## I.
## INTRODUCTION

In this *pro se* civil rights action, Plaintiff Victor Max Landers alleges that two guards at Los Angeles County Men's Central Jail ("MCJ") violated her[1] Fourth and

---

[1] The filings in this case suggests that Plaintiff may be a transgender woman. (*See* Dkt. No. 1, "Compl." at 7 (alleging claims of "transphobic slurs" and "anti-transgender slurs")). Plaintiff's Complaint and subsequent filings use both male and female pronouns when referencing the Plaintiff. (*Compare id.* (alleging a strip search "used to determine her gender") *with id.* at 8–20 (consistently using masculine pronouns when describing Plaintiff) *with* Dkt. No. 4 at 2 ("Plaintiff would like the courts to enlighten her …."). Because the Complaint and the most recent filings that contain pronouns refer to Plaintiff

Eighth Amendment rights. Specifically, Plaintiff alleges that Defendant R. Ortiz Jr. sexually assaulted her. Defendant Miranda, Plaintiff alleges, lied about the assault during a jail investigation into the matter. Though Plaintiff states plausible claims, the Court dismisses Plaintiff's Complaint because of several pleading errors, which are explained in greater detail below. The Court dismisses the Complaint with leave to amend, allowing Plaintiff to bring an amended Complaint before this Court, if she so wishes.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The following factual statements are as alleged in Plaintiff's Complaint.

Plaintiff was a prisoner serving a sentence at MCJ when the events at issue in this lawsuit took place. (Compl. at 8).²

On March 16, 2022, at approximately 7:00 PM, Plaintiff returned from her work assignment to her housing unit. (*Id.* at 10). When she arrived, Plaintiff was subject to an unclothed body search. (*Id.*). Plaintiff disrobed but left on her boxers. (*Id.*). Ortiz, an MCJ guard who was assigned to Plaintiff's housing unit (*id.* at 8), ordered Plaintiff to disrobe further and remove her underwear. (*Id.* at 10). Ortiz was "persistent" about the command, which made Plaintiff uncomfortable. (*Id.*). A nondefendant guard asked Plaintiff whether Plaintiff would rather walk through a body scanner. (*Id.*). Plaintiff agreed. (*Id.*).

---

in the feminine, the Court does so as well. If this is incorrect, the Court will use the preferred pronoun going forward upon notification.

² For ease of reference, this Court uses page numbers generated by the CM/ECF system rather than the page numbers printed in the original documents themselves.

Soon after, Plaintiff was placed in handcuffs and removed from the other workers. (*Id.*). Ortiz approached Plaintiff and "violated parts of [Plaintiff's] body." (*Id.*). Ortiz grabbed Plaintiff's penis through Plaintiff's boxers. (*Id.* at 11). Ortiz "molested [Plaintiff] while [Plaintiff was] in restraints." (*Id.* at 10). Plaintiff objected and screamed. (*Id.* at 11). She tried to pull away from Ortiz. (*Id.*).

A nondefendant guard came over, and Plaintiff explained that Ortiz "sexually abused [Plaintiff] by grabbing [Plaintiff's] penis." (*Id.* at 11). Ortiz responded, "I felt something." (*Id.*). Ortiz grabbed Plaintiff's boxer waistband and added, "He has something." (*Id.*). The guard told Ortiz to step away from Plaintiff and said the body scanner would show whether Plaintiff was hiding anything. (*Id.*). Plaintiff went through the body scanner, which revealed no contraband. (*Id.*).

Plaintiff returned to her floor. (*Id.* at 12). Neighboring prisoners teased Plaintiff about the incident. (*Id.* at 12). They asked Ortiz about Plaintiff's penis, which angered Ortiz. (*Id.*). Ortiz placed Plaintiff in solitary confinement on the grounds that Plaintiff had created a disturbance and refused to follow orders. (*Id.*).

When Plaintiff left solitary confinement, she returned to Oritz's floor (Module 2800). (*Id.*). Jail staff assigned Plaintiff to a cell without working bathroom facilities or phone service. (*Id.*). Plaintiff asked to be moved from Module 2800. (*Id.*). She complained to Ortiz that she had no bathroom or phone service. (*Id.*). Ortiz responded, "Yea Landers I got your ass now." (*Id.*). Due to the conditions in her cell and because of fear of retaliation, Plaintiff asked to be placed under suicidal supervision. (*Id.* at 12–13). She reported the foregoing facts to her mental health clinician. (*Id.* at 13). The clinician filed a grievance on Plaintiff's behalf. (*Id.*).

Following Plaintiff's discussion with the mental health clinician and her subsequent grievance, Defendant Miranda and a nondefendant MCJ sergeant conducted a use of force interview with Plaintiff. (*Id.*). Defendant Miranda reported that Defendant Ortiz never touched Plaintiff's penis. (*Id.*). Plaintiff's grievance was denied. (*Id.*). Plaintiff alleges that her grievance was denied because of Defendant Miranda's allegedly false report. (*Id.*).

Plaintiff initiated this 42 U.S.C. § 1983 action on March 4, 2024. (Compl.). She filed a motion for clarification on July 17, 2024.[3] (Dkt. No. 4). The Court granted Plaintiff's *in forma pauperis* request on September 9, 2024. (Dkt. No. 8). Plaintiff's Complaint is now before this Court for screening pursuant to 28 U.S.C. § 1915A.

## III.

## SCREENING STANDARD AND ANALYSIS

When screening a complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it states a claim upon which relief can be granted, courts apply the pleading standard set forth in Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) [the IFP

---

[3] The Court construes this motion as a request for status, and it GRANTS the motion. Plaintiff inquires whether, based on language in the Notice of Assignment, she is required to serve a copy of a Complaint on the Defendants in this case if she was approved for *in forma pauperis* status. (*See* Dkt. No. 3 (Notice of Assignment: "*The party who filed the case-initiating document in this case must serve a copy of this Notice on all parties it serves with the case-initiating document*.")). As explained above, Plaintiff was approved for such status. (Dkt. No. 8). Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court will "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court … if the plaintiff is authorized proceed in forma pauperis under 28 U.S.C. § 1915." Plaintiff currently has no obligation to serve her Complaint. If Plaintiff's Complaint or subsequent amended complaints survive screening, the Court will order the U.S. Marshals Service to serve Defendants.

statute] is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (Rule 12(b)(6) pleading standard is not satisfied by "an unadorned, the-defendant-unlawfully-harmed-me accusation," bare "labels and conclusions," or "naked assertion[s] devoid of further factual enhancement"). Similarly, courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *see also Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (conclusory allegations of law are insufficient to state a claim); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (Rule 12(b)(6) does not require the court to accept as true mere legal conclusions).

*Pro se* pleadings are "held to less stringent standards" than those drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). However, even in giving liberal interpretation to a complaint, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

Before dismissing a *pro se* civil rights complaint, a plaintiff should be given "notice of the deficiencies in his or her complaint" with "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987); *see also Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1998) (a *pro se* litigant "must be given leave to amend his or her complaint" even when a request to amend is not made "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Where amendment of the pleading would be futile, leave to amend is properly denied. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

      A.      **The Complaint Fails to State a Claim Against Miranda Because the Alleged Facts Do Not Show that He Violated Plaintiff's Fourth and Eighth Amendment Rights.**

The Fourth Amendment protects against unreasonable searches and seizures. *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017). Those rights are limited in the prison context, and a plaintiff prevails on such a claim by explaining in a case-by-case analysis that a violation occurred based on "(1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted." *See id.* (citation and internal quotation marks omitted). The Eighth Amendment, on the other hand, protects against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prevail on that claim, a plaintiff must show that an alleged deprivation was sufficiently serious and that the involved defendant acted with a specific state of mind. *Id.* at 834.

To the extent Plaintiff seeks to hold Miranda liable for Fourth and Eighth Amendment violations, the facts alleged do not state a claim against him. The Complaint does not allege a search or seizure in which Miranda was involved. Nor does the Complaint allege any seriously abusive punishment in which Miranda was involved. In fact, the factual allegations about Miranda appear on one page. (Compl. at 13). There, Plaintiff alleges that Miranda interviewed Plaintiff about the alleged sexual assault and then (apparently) lied about what happened, causing Plaintiff's grievance to be denied. (*Id.*). These facts do not establish a cause of action for Fourth or Eighth Amendment violations. Accordingly, the claims against Miranda are dismissed without prejudice. Plaintiff is advised to revise her allegations against Miranda, if indeed Miranda acted unconstitutionally.

### B. Plaintiff's Complaint Seeks Damages to Which She Is Not Entitled Under the Prison Litigation Reform Act of 1996.

As an initial matter, Plaintiff has sufficiently alleged that Ortiz violated her Fourth and Eighth Amendment rights. The Fourth Amendment covers the expectation of bodily privacy, even in the prison setting. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 339 (2012) (finding the strip search policies at issue to be "a reasonable balance between inmate privacy and the needs of the institutions"); *see also Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) ("The fourth amendment guarantees '[t]he right of the people to be secure ... against unreasonable searches and seizures.' This right extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context."). The Eighth Amendment protects against "[s]exual … abuse of an inmate by a corrections officer." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).

However, the Prison Litigation Reform Act ("PLRA") limits suits brought by incarcerated plaintiffs where alleged injuries are purely mental or emotional, and Plaintiff here alleges serious psychological harm resulting from her experiences at the hands of Ortiz and Miranda. (Compl. at 15).

The PLRA mandates: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e). Four types of behavior constitute a "sexual act" under § 2246:

- first, the term "sexual act" means "contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact

involving the penis occurs upon penetration, however slight," 18 U.S.C. § 2246(2)(a);

- second, the term means "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," 18 U.S.C. § 2246(2)(b);

- third, the term means "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," 18 U.S.C. § 2246(2)(c);

- finally, the term means "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," § 2246(2)(d).

In other words, for plaintiffs older than 16, the sexual acts that § 1997e(e) greenlights as sufficient to ignore the PLRA's physical injury requirement are "essentially only genital, oral, anal or digital intercourse." *United States v. Crowley*, 318 F.3d 401, 406 (2d Cir. 2003) (describing the four enumerated sex acts in § 2246(2)).

Plaintiff's Complaint makes no allegations of physical injuries, and, counterintuitively, Ortiz's disturbing alleged assault does not constitute a "sexual act" within § 2246's definition of that phrase. The Complaint, which presumably involves a plaintiff older than 16, alleges no penetrative actions of any sort. Nor does it allege any anal, vulval, or oral contact with Plaintiff's penis. Rather, the specific contact Plaintiff

9

alleges involved Ortiz grabbing Plaintiff's penis through clothing. (*See* Compl. at 10–11). That alleged behavior, as violative as it seems, is not a "sexual act" under the PLRA.

Nonetheless, § 1997e(e) does not completely bar Plaintiff's case. In the Ninth Circuit, the relevant PLRA section bars plaintiffs from recovering for mental or emotional injuries they have incurred *resulting* from a constitutional violation, but not from recovering damages or other forms of appropriate relief because of such a violation. *See, e.g.*, *Canell v. Lightner*, 143 F.3d 1210, 1212–13 (9th Cir. 1998) ("Canell is not asserting a claim for 'mental or emotional injury.' He is asserting a claim for a violation of his First Amendment rights. The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought."), *abrogated on another ground by Emp. Div., Dept. of Hum Res. of Or. v. Smith*, 494 U.S. 872 (1990). Rather, § 1997e(e) limits the types of damages a plaintiff may pursue. *See Oliver v. Keller*, 289 F.3d 623, 629–630 (9th Cir. 2002). In *Oliver*, the leading case on this issue, the Ninth Circuit held that § 1997e(e)'s physical injury requirement "applies only to claims for mental and emotional injury." *Id.* at 629. It does not, however, apply to claims seeking punitive damages, nominal damages, and other appropriate relief where a constitutional violation occurred. *Id.* The Ninth Circuit held in *Oliver*, "To the extent that appellant has actionable claims for compensatory, nominal or punitive damages—premised on violations of his [constitutional] rights, *and not on any alleged mental or emotional injuries*—we conclude the claims are not barred by § 1997e(e)." *Id.* at 630 (emphasis added). Since then, courts have interpreted *Oliver* to mean that plaintiffs alleging civil rights claims stemming from sexual assault not expressly described in § 2246(2) are still allowed to pursue § 1983 claims. *See, e.g.*, *Venable v. Patel*, No. 1:17-cv-01519, 2019 WL 6307678, at *5 (E.D. Cal. Nov. 25, 2019) (holding in Eighth Amendment case where prison guard massaged plaintiff's penis through clothing that alleged injuries were mental

10

and emotional meaning there was no sexual act under § 1997e(e) but that the statute did not bar compensatory and nominal claims premised on constitutional violations and not mental or emotional distress resulting from them); *Houston v. Buck*, No. CIV S 03 1625, 2005 WL 1378964, at *3 (E.D. Cal. May 31, 2005) (allowing claims for nominal and punitive damages where defendant "defendant 'passionately squeezed' plaintiff's body in areas that corresponded to the sexual slurs" under *Oliver*).

Here, Plaintiff's Complaint asks for compensatory and punitive damages. (Compl. at 17). Courts are also required to read *pro se* complaints liberally and should construe such pleadings to request nominal damages even when the complaint fails to expressly request them. *Oliver*, 289 F.3d at 630. Accordingly, "To the extent that [Plaintiff's] claims for compensatory, nominal or punitive damages are premised on alleged [Fourth and Eighth] Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred." *Id.* Plaintiff may seek damages in such a limited fashion.

### C. The Complaint Makes Fleeting References to Potential Additional Claims. It Is Unclear Whether Plaintiff Intends to Pursue Them.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution … committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's introduction states that she sues for "retaliation" and claims that Defendants violated her First Amendment rights, including her right to free speech. (Compl. at 7). Later, Plaintiff alleges that Defendant Miranda violated Plaintiff's due process rights and filed a grievance to this effect. (*Id.* at 13). However, Plaintiff's Complaint—in her section addressing claims for relief—lists a "First Claim for Relief" (Eighth Amendment) (*id.* at 14) and a "Second Claim for Relief" (*id.* at 16). Each of these subsections include a brief description of the applicable legal protection provided under each amendment and a summary of the specific facts that gave rise to each claim. Defendant does not provide such information regarding retaliation and due process, confusing the Court as to whether Plaintiff intends to pursue those claims. If Plaintiff chooses to file an amended Complaint, she is advised to clearly state all claims against which she seeks to hold each defendant liable.

## IV.
## CONCLUSION

For the reasons stated above, the Plaintiff's Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, she must file a First Amended Complaint within **30 days from the date of this Order**. In any amended Complaint, Plaintiffs shall cure the defects described above. If Plaintiff chooses to file a First Amended Complaint, she must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d

1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts"). In addition, the First Amended Complaint must be complete in and of itself, without reference to the preceding Complaints, or any other pleading, attachment, or document.

An amended complaint entirely takes the place of the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat any preceding complaint, including any exhibits attached to the preceding complaint, as nonexistent. *Id.* If Plaintiff wishes the Court to consider any exhibits from the preceding Complaint, she must re-attach them to the First Amended Complaint. Because the Court grants Plaintiff leave to amend all the claims raised here, any claim raised in the Complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Plaintiff should confine her allegations to the essential facts supporting each of her claims. Plaintiff is strongly encouraged to keep her statements concise and to omit irrelevant details. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff must describe, to the extent possible, what each separate Defendant, including each separate Doe Defendant, if any, did to violate her rights; where and when the wrongful conduct occurred; the harm that Plaintiff suffered from each Defendant's acts and omissions; and the constitutional right or statute that each Defendant violated. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which she lacks a sufficient legal or factual basis.

Instead of filing a First Amended Complaint, Plaintiff may choose to stand on the defective claims in the Complaint, but she must expressly notify the Court in writing of her intention to do so by the same deadline for filing an amended complaint, *i.e.*, thirty days from the date of this Order. Plaintiff is cautioned, however, that when a plaintiff chooses to stand on a defective complaint despite having been afforded the opportunity to amend, the district court may dismiss any defective claims under Federal Rule of Civil Procedure 12(b)(6) and allow the action to proceed only on the surviving claims, if any, that sufficiently state a claim. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Plaintiff is advised that if she elects to stand on the defective claims in her Complaint, the Magistrate Judge will recommend that the Court dismiss some or all of her claims for the reasons stated in this Order. *See McCalden v. Cal. Libr. Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1992) (a plaintiff granted leave to amend a pleading "may elect to stand on her pleading and appeal"); *Edwards*, 356 F.3d at 1065 ("When the plaintiff timely responds with a formal notice of her intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.").

Accordingly, Plaintiff is ORDERED to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint within thirty days of the date of this Order. **Plaintiff is explicitly cautioned that the failure to file either a First Amended Complaint, a Notice of Intention to Stand on Defective Complaint, or choose to proceed with the claims alleged in the First Amended Complaint by the Court's deadline *will* result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) ("The failure of the plaintiff eventually to respond to the court's *ultimatum*—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.") (citation omitted). Plaintiff is further advised that if she no longer wishes to pursue this action, she may voluntarily

dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED:  December 23, 2024

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE