UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-01786-SVW-MBK | Date | October 1, 2025 |
|---|---|---|---|
| Title | Victor Max Landers v. R. Ortiz, Jr., et al. | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge | |
|---|---|---|
| James Muñoz | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE

    This is a civil rights action. Plaintiff, Victor Max Landers, is a state prisoner at Mule Creek State Prison, filed a First Amended Complaint ("FAC") on April 14, 2025, naming Los Angeles County Sheriff's Deputy R. Ortiz, Jr. and Sergeant Miranda as defendants. Dkt. 27. On May 7, 2025, the Court ordered the United States Marshals Service to serve the FAC on the named defendants. Dkt. 28, 29. On August 5, 2025, the clerk filed the Process of Service and Waivers of Service for both defendants, making the defendants' answer(s) due on September 15, 2025. Dkt. 34-37. The Waiver of Service form, which both defendants signed, makes clear that "judgment may be entered against me . . . if an answer or motion under Rule 12 is not served" by September 15, 2025. Dkt. 34, 36. However, as of the date of this Order, neither defendants have made appearances, nor filed answers.

    Even though defendants failed to respond to the FAC, Plaintiff has not sought a default or otherwise sought to bring this case towards a resolution. Plaintiff is therefore ordered to show cause, meaning explain in writing, why the case should not be dismissed for lack of prosecution. Plaintiff's response to this Order is due on or before **October 31, 2025**.

    If Plaintiff intends to seek a default, Plaintiff may comply with this Order by filing a request for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *See also* See L.R. 55-1 ("When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F. R. Civ. P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01786-SVW-MBK | Date | October 1, 2025 |
| Title | Victor Max Landers v. R. Ortiz, Jr., et al. | | |

party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2).")

      The Clerk is ordered to serve a copy of: (1) this Order: (2) Federal Rule of Civil Procedure, Rule 55, and (3) Central District Local Rule 55-1 on Plaintiff.

      The Clerk is also ordered to send a copy of this Order to the defendants listed at the addresses provided on their waiver of service form, as well as to County Counsel:

Marco A. Miranda
2000 E. Imperial Hwy.
Los Angeles, CA 90059

Roberto Ortiz Jr.
441 Bauchet Street
Los Angeles, CA 90012

Los Angeles County Counsel
500 W. Temple St. Suite #648
Los Angeles, CA 90012

**IT IS SO ORDERED.**